IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH DALE SANDERS, | ) | |
| Reg. No. 40335-074 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-189-WHA |
| | ) | (WO) |
| WALTER WOODS, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus, as amended, and brief in support of this petition filed by Kenneth Dale Sanders, a federal inmate confined at the Montgomery Federal Prison Camp at the time he initiated this action. Docs. 1, 2 & 15.[1]  Sanders is incarcerated on consecutive sentences of 262 months imprisonment for conspiracy to manufacture more than fifty grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and 60 months imprisonment for possession of a firearm in the furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) imposed upon him by the United States District Court for the Eastern District of Tennessee in 2003.  *Sanders v. Snyder-Norris*, 2015 WL

---

[1] Throughout the documents filed in this case, Sanders seeks relief under 28 U.S.C. § 2241.  Thus, this case will proceed solely as one seeking habeas relief under § 2241.  *See Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360 1368 (11th Cir. 2015) (holding that where Petitioner expressly affirmed his intention to proceed under § 2241 the district "court wisely permitted him to be the master of his own fate" and did not "recharacterize [the] petition, against his will, as a § 2255 motion.").

5836962, at *1 (E.D. Ky. Oct. 2, 2015).  Due to two prior drug convictions, the trial court

deemed Sanders an armed career criminal under U.S.S.G. 4B1.1 which resulted in his 322

months imprisonment.  *Id.*  In *United States v. Sanders*, 207 F. App'x. 602  (6th Cir. 2006),

*cert. denied* 551 U.S. 1171 (2007), on appeal after a new sentencing, the Sixth Circuit

explained Sanders' sentencing, in pertinent part, as follows:

> Sanders pleaded guilty [in the Eastern District of Tennessee] to conspiring to manufacture methamphetamine and to possession of a firearm in relation to drug trafficking and was sentenced to a term of imprisonment of 262 months on the manufacturing conviction and a consecutive term of imprisonment of 60 months on the possession of a firearm in relation to a drug trafficking conviction. . . . Sanders' prior convictions qualified him for a total of five criminal history points, with two additional points added under U.S.S.G. § 4A1.1(d) because he was on parole at the time of the instant offense and one additional point added under U.S.S.G. § 4A1.1(e) because the instant offense was committed less than two years after his release from custody for his 1998 conviction. Accordingly, he had eight total criminal history points, which would have resulted in a criminal history category of IV, but for his classification as a career offender, which mandates a criminal history category of VI. The resulting Guidelines sentencing range for Count 1 equaled 262 to 327 months. The statutory minimum consecutive sentence on the Count 5 conviction under 18 U.S.C. § 924(c) is 60 months. Accordingly, the effective Guideline range was 322 to 387 months. The statutory minimum sentence on the Count 1 conviction under 21 U.S.C. § 841(b)(1)(B) is ten years. The maximum term for both Counts 1 and 5 is life imprisonment.

*Sanders*, 207 F. App'x at 604–605.

In the instant habeas action, Sanders argues that he is actually innocent of the

possession of a firearm conviction because the relative drug offense did not constitute a

crime of violence for purposes of establishing the elements necessary for his firearm

conviction.  Doc. 2 at 5–6; Doc. 15 at 1.[2]  The respondent filed a response and supplement

---

[2]The record, however, establishes that the United States District Court for the Eastern District of Tennessee convicted Sanders under 18 U.S.C. § 924(c)for his possession of a firearm during a drug trafficking crime and not for his possession of a firearm during a crime of violence, which under the statute clearly constitute

to the response in which he argues that the instant petition for habeas corpus relief is due

to be dismissed.  Doc. 19 & Doc. 23.

## II.  PROCEDURAL HISTORY AND RELEVANT FACTS

A concise procedural history and recitation of relevant facts are set forth by the

respondent in his initial response.[3]  Such are as follows:

### a. Petitioner's Original Conviction And Related Appeals

In 2003, Petitioner pleaded guilty to conspiring to manufacture more
than  fifty  grams  or  more  of  a  mixture  containing  methamphetamine,  in
violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and possessing a
firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C.
§ 924(c).  *See In re Sanders*, No. 15-6046 (6th Cir. June 15, 2016); *Sanders v.
United States*, No. 11-6415 (6th Cir. May 9, 2012); *United States v. Sanders*,
207 F. App'x 602 (6th Cir. 2006); *Sanders v. Snyder-Norris*, No. CV 15-
51- HRW, 2015 WL 5836962 (E.D. Ky. Oct. 2, 2015).
The  District  Court  for  the  Eastern  District  of  Tennessee  sentenced
Petitioner as a career offender, pursuant to USSG §§ 4B1.1, 4B1.2, to 322
months' imprisonment within the applicable Guidelines ranges: 262 months
for the drug offense and a consecutive term of sixty months on the firearm
charge.  *See In re Sanders*, No. 15-6046.  The career- offender designation
was  based  on  two  prior  state  convictions  in  Tennessee  for  felony
possession  of  a  controlled  substance,  which  qualified  as  "controlled
substance  offense[s]"  under  USSG  §§  4B1.1  (a).  *See id*.  On  appeal,  the
Sixth  Circuit  Court  of  Appeals  affirmed,  but  remanded  the  matter  for
resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).  *See id*.
(citing  *United States v. Sanders*, 125 F. App'x 685 (6th Cir. 2005)).  The
district court imposed the same sentence.  *See id*.  The Sixth Circuit Court

two distinct offenses.  Although Sanders argues his conviction for possession of a firearm in relation to a
drug trafficking offense cannot stand unless "his charged drug offense constitutes a crime of violence under
the residual clause[,]" Doc. 2 at 6, this argument is without merit as the offenses set forth in § 924(c) are
not one offense but two separate offenses, i.e., possession of a firearm "during and in relation to any crime
of violence or [such possession during a] drug trafficking crime[.]"  *See Pittman v. United States*, 2019 WL
1745377, at*2 (M.D. Fla. 2019) (finding that Petitioner's conviction and sentence for possessing a firearm
in furtherance of a drug trafficking crime not impacted by *Johnson* or any potential ruling in *Davis* since it
is not a conviction under the "crime of violence" prong which relies on § 924(c)(3)'s elements or residual
clause for definition).

[3]The factual history is not in dispute.

of Appeals then affirmed that sentence. *See In re Sanders*, No. 15-6046 (citing *United States v. Sanders*, 207 F. App'x 602 (6th Cir. 2006)).

### b. Petitioner's Tennessee § 2255 Claims

In April 2008, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, claiming that his attorney provided ineffective assistance by failing to challenge his status as a career offender; Petitioner claimed the attorney should have objected to Petitioner's career offender enhancement, given the prior drug convictions were for simple possession and therefore did not qualify as predicate offenses. *See generally In re Sanders*, No. 15-6046. The Tennessee District Court denied the motion, and the Sixth Circuit denied Petitioner's application for a certificate of appealability. *See id.* (citing *Sanders v. United States*, No. 11-6415 (6th Cir. May 9, 2012)). In October 2011, Petitioner filed a second § 2255 motion, which the District Court transferred to the Sixth Circuit as a successive petition. *See In re Sanders*, No. 15-6046. Between July 2013 and September 2016, Petitioner filed a number of motions in the District Court, including additional motions for authorization to file second or successive § 2255 motions. *See generally In re Sanders*, No. 15-6046.

Ultimately, the Sixth Circuit denied Petitioner's motion for authorization to file successive § 2255 motions, holding Petitioner failed to meet the necessary statutory requirements because: (1) the argument that he was improperly classified as a career offender (because his drug convictions were for simple possession) was raised in his initial § 2255 motion, and was considered and rejected; (2) he identified no newly discovered evidence establishing his innocence; and (3) his argument that his conviction for possession of a firearm should be overturned in light of a 2015 Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015), was meritless because the decision invalidated a provision inapplicable to Petitioner's firearm conviction. *See id.*

The Sixth Circuit also held that "the application of the § 4B1.1 career-offender enhancement to Sanders stemmed from his prior controlled-substance offense, not from any crime of violence under the residual clause" of 18 U.S.C. § 924(c). *Id.* Petitioner's request for a sentence reduction was thus denied because it was based on his status as a career offender, not on the firearm offense, rendering him "ineligible for the reduction." *See id.* (*citing*, *e.g., United States v. Sanders*, 207 F. App'x 602 (6th Cir. 2006) (affirming Petitioner's career-offender status as reasonable)). The District Court for the Eastern District of Tennessee then closed Petitioner's case.

### c.  Petitioner's Kentucky §§ 2255 and 2241 Claims

As Petitioner's various motions and appeals were pending in
Tennessee, he filed a number of motions in the District Court for the Eastern
District of Kentucky.  *See Sanders v. Snyder-Norris*, No. CV 15-51-HRW,
2015 WL 5836962 (E.D. Ky. Oct. 2, 2015). Those motions included
multiple § 2255 petitions wherein Petitioner challenged, among other
things, "the application of the career offender enhancement to his sentence
. . . his 1997 conviction for possession of marijuana [which he alleged] did
not qualify as a valid predicate offense . . . [and that he was] 'actually
innocent' of being a career offender, in part on the theory that the career
offender enhancement violated the Constitution's prohibition against
punishing a citizen a second time for conduct for which he had already been
punished.'"  *See id.* at *1.   "Undeterred, Sanders repackaged this same
argument in a series of motions and petitions filed in the trial court and
with the Sixth Circuit" throughout 2012 – 2015.  *See id.*   "None were
successful."  *Id.*

Petitioner then filed a writ of habeas corpus pursuant to 28 U.S.C.
§ 2241 in the District Court for the Eastern District of Kentucky, "asserting
the same arguments previously considered and rejected by the trial court and
the Sixth Circuit—that use of prior state drug convictions for which he had
already been convicted and punished by state authorities to enhance his
federal sentence violates the Double Jeopardy and/or Due Process clauses
of the Constitution."  *Id.*  In October 2015, the Kentucky District Court
denied Petitioner's claims, stating "[i]f the Court were to reach the merits of
this claim, it would plainly be frivolous."  *Id.*   The case was dismissed.

### d.  The Instant Action

Nearly three years later, as an inmate at the Federal Prison Camp in
Montgomery, Alabama, Petitioner filed the instant § 2241 action (the
"Petition") in this Court on March 18, 2019. Petitioner amended the
§ 2241 petition on June 4, 2019.  The Petitioner's main arguments in both
his petition and the amended petition are substantially similar to the ones
made previously, and in particular, those addressed by both the Sixth Circuit
in 2016 and the District Court for the Eastern District of Kentucky in 2015.
Here, Petitioner again argues for his actual innocence with respect to his
firearm conviction, relying primarily on *Johnson v. United States*, 135 S. Ct.
2551 (2015).

Doc. 19 at 1–5 (footnote omitted).

Based on the forgoing, the respondent argues that this court lacks subject matter jurisdiction in this case as the saving clause of 28 U.S.C. § 2255(e) is not applicable. Doc. 19 at 8, citing *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017), *cert. denied*, --- U.S. ---, 138 S.Ct. 502 (Dec. 4, 2017).

In his opposition to this response, Sanders continues to argue he is due relief from his conviction for possession of a firearm and cites *United States v. Davis*, --- U.S. ---, 139 S.Ct. 2319 (2019) as an additional basis for the requested relief. Doc. 21 at 1. The respondent filed a response to this argument in which he contends that:

> Despite citation to *Davis*, however, this Court still lacks jurisdiction to hear Petitioner's claim. This Court is not the appropriate forum for such a substantive attack on Petitioner's sentence because the Eleventh Circuit has held that a change in case law "does not trigger relief under the saving clause" as long as a prisoner had an opportunity to bring and test his claim, which Petitioner has had.

Doc. 23 at 1–2 (internal citations omitted).

## III. CLAIMS AND ARGUMENTS

Sanders asserts that he is actually innocent of the conviction for possession of a firearm during a drug trafficking offense based on the holdings set forth by the Supreme Court in *Johnson* and *Davis*.[4]   Sanders requests that his firearm conviction be ruled

---

[4]Contrary to the assertion made by Sanders, however, these cases are not applicable to his conviction for possession of a firearm.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557, 2563. The Supreme Court confined its holding in *Johnson* to the "violent felony" definition in the ACCA's residual clause; it did not call into question any other portion of the ACCA, such as the ACCA's definition of the term "serious drug offense." *See id.* at 2563; *Bell v. United States*, 688 F. App'x 593, 594–95 (11th Cir. 2017). Recently, in *United States v. Davis*, 139 S.Ct. 2319 (2019), a case decided in the wake of *Johnson*, the Supreme Court held that the "crime of violence" definition in 18 U.S.C. § 924(c)(3)(B), the residual clause for § 924(c) crimes, is (like the ACCA's residual clause) unconstitutionally vague. 139 S.Ct.

unconstitutional and the court order his release from incarceration.  Doc. 1 at 5.  It is clear that Sanders seeks to invoke the "saving clause" contained in 28 U.S.C. § 2255(e) as a basis for seeking relief via 28 U.S.C. § 2241 from the firearm conviction and sentence imposed upon him by the United States District Court for the Eastern District of Tennessee.

The respondent argues that under *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017), *cert. denied*, 138 S.Ct. 502 (Dec. 4, 2017), this court lacks jurisdiction to consider the instant petition.  Doc. 19 at 8; Doc. 23 at 1. Specifically, the respondent asserts Sanders' argument that a change in case law allows him to proceed before this court on a 28 U.S.C. § 2241 petition for habeas relief pursuant to the saving clause of 28 U.S.C. § 2255(e) on his actual innocence claim is without merit because *McCarthan* establishes "a change in case law 'does not trigger relief under the saving clause' as long as a prisoner had an opportunity to bring and test his claim, which Petitioner has had."  Doc 23 at 1–2; Doc. 19 at 8; citing *McCarthan*, 851 F.3d at 1089.  The respondent maintains that "the proper procedure in circumstances such as these – rather than continue to try to pursue substantive review through a § 2241 Petition, . . . Petitioner

---

at 2336.  The Supreme Court confined its holding in *Davis* to the § 924(c)(3)(B) residual clause; . . . more important[ly] . . . it did [not] call into doubt the validity of the term "drug trafficking crime" as used in § 924(c).  Thus, neither *Johnson* nor *Davis* has any application to convictions under § 924(c) based on drug trafficking crimes.  *See, e.g.*, *Pittman v. United States*, 2019 WL 1745377, at*2 (M.D. Fla. 2019) (rejecting petitioner's argument that his § 924(c) conviction was illegal in light of *Johnson* [because] petitioner's § 924(c) conviction was for possession of a firearm in furtherance of a drug trafficking crime, not a "crime of violence" and thus did not rely on § 924(c)(3)(B)'s residual clause [and further stating that because *Davis* likewise raised no questions about the constitutional validity of convictions for possession of a firearm during a drug trafficking offense its decision would have no impact on those convictions]).

*Smith v. United States*, 2019 WL 8137307, at *7 (M.D. Ala. Aug. 2, 2019), *Recommendation adopted as opinion of the court*, 2020 WL 1038605 (M.D. Ala. Mar. 3, 2020).

must instead go back to the Sixth Circuit to seek its authorization to file a *Davis*-based successive § 2255 claim[.]"  Doc. 23 at 2–3, citing *Middleton v. Ebbert*, No. 4:19-CV-01337, 2019 WL 3532163 (M.D. Pa. Aug. 2, 2019).  Though the court provided Sanders opportunities to respond to the responses filed by the respondent, Sanders fails to address the applicability of *McCarthan* to his case and simply states that the court should exercise jurisdiction over his petition and determine the merits of his claims because "his claims now before this court **have never had a meaningful hearing on the merits, with a decision rendered by any court.**"  Doc. 25 at 2 (emphasis in original).

Upon review of the petition, the responses filed by the respondent, Sanders' responses in opposition thereto and applicable Eleventh Circuit law, the undersigned concludes that the instant 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Sanders is due to be dismissed with prejudice.

## IV.  DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought [in a motion to vacate] under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan*, 851 F.3d at 1081 (noting that for decades "Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of petition for writ of habeas corpus, [28 U.S.C.] § 2241, to collaterally attack the legality of his sentence.").

A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.    § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive

mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id*. § 2255(e) (emphasis added). "[S]aving[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," Bryan A. Garner, *Garner's Dictionary of Legal Usage* 797 (3d ed. 2011); it has nothing to do with saving a statute from unconstitutionality, *see, e.g.*, 28 U.S.C. § 1333(1) ("saving to suitors in all cases all other remedies to which they are otherwise entitled").

*McCarthan*, 851 F.3d at 1081–82.

The saving clause of 28 U.S.C. § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention."  When a petitioner seeks to proceed on a § 2241 petition for writ of habeas corpus under the saving clause of § 2255(e) he "bears the burden of establishing that the remedy by [§ 2255] motion was 'inadequate or ineffective to test the legation of his detention.'"  *McCarthan*, 851 F.3d at 1081 (internal citation omitted).   "[W]hether a federal prisoner [such as Sanders] pursuing a § 2241 petition meets the § 2255(e) saving[] clause, and thereby opens a portal to review of the merits of the § 2241 petition, is a threshold consideration that must be resolved [by the court] before reaching the merits of the § 2241 petition."  *Simmons v. Warden*, 661 F. App'x 957, 959 (11th Cir. 2016); *McDowell v. Warden, FCC Coleman-Medium*, 694 F. App'x 692, 693–94, (holding that "[w]hether the saving clause applies is a threshold issue,"

and absent its application, a federal district court lacks jurisdiction to "reach the merits of

a § 2241 petition."), *cert. denied*, *McDowell v. Jarvis*, --- U.S. ---, 138 S.Ct. 343 (2017)

> The saving clause provides a federal prisoner relief only when his 'remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When we read this text, several terms offer important clues about its meaning: "remedy," "to test," "inadequate or ineffective," and "detention." Careful review of these terms and the whole text makes clear that a change in case law does not trigger relief under the saving clause. Whether circuit precedent "was once adverse to a prisoner has nothing to do with whether [a] motion to vacate his sentence is 'inadequate or ineffective to test the legality of his detention.'"
>
> [Petitioner's] claim that his sentence exceeds the statutory maximum [or conviction is invalid] is exactly the kind of claim that a motion to vacate is designed to "remedy," notwithstanding adverse precedent. A "remedy" is "[t]he means by which a right is enforced or the violation of a right is prevented, redressed, or compensated. "Relief" is "the assistance, redress, or benefit which a complainant seeks at the hands of the court. The "means" are not inadequate when circuit precedent forecloses relief on a claim. The remedy of a [§ 2255] motion to vacate permitted [Petitioner] to bring his claim and seek [appellate] review to change the substantive rule of law. That a court might reject a prisoner's argument does not render his "remedy by motion" an inadequate "means by which" to challenge the legality of his sentence.  A procedural rule that might prevent success on a particular motion does not render the remedy an inadequate "means" so long as it is capable of "enforc[ing]" or "redress[ing]" the right.

*McCarthan*, 851 F.3d at 1085–86 (internal citations omitted).  Although "a procedural bar

might prevent relief, . . . that bar does not render the [§ 2255] motion itself an ineffective

or inadequate remedy. . . .   That [Petitioner's] argument was foreclosed by precedent (as

opposed to being wrong, untimely, procedurally barred, or unexhausted) is irrelevant.  The

[§ 2255] motion provided an adequate remedy to challenge the legality of his sentence [and

related conviction]."  *Id*. at 1086 (internal citation omitted).  Thus, "[w]hen a prisoner's

argument about the legality of his [conviction or attendant] sentence conflicts with circuit

precedent, a motion to vacate is neither inadequate nor ineffective to test his argument." *Id*. at 1088.  Moreover, a petitioner's failure to bring his challenge "earlier nor his odds of success on the merits are relevant to the saving clause inquiry.  Because [Petitioner] filed a traditional claim attacking his [conviction and thereby his]sentence that he could have brought in a motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention." *Id*. at 1090.  "Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause, nullifies the procedural hurdles of section 2255 and undermines the venue provisions."  *Id*.  Claims which could have been raised in an initial § 2255 motion or which fall within the exceptions for a successive motion set forth in § 2255(h) are not properly before this court for review in a § 2241 petition.  *Id*. at 1090–91.  In addition, "Congress did not create any exception to section 2255(h) for non-constitutional changes in law, so we may not craft one." *Id*. at 1091.

The Court in *McCarthan* further observed:

Section 2255 [likewise] includes other procedural hurdles the *Wofford* [*v. Scott*, 177 F.3d 1236 (11th Cir. 1999)] test[, the test previously applied by courts,] fails to respect. For example, the *Wofford* test runs roughshod over the statute of limitations, 28 U.S.C. § 2255(f). A federal prisoner has one year [from various relevant dates set forth in § 2255(f)(1)–(4)] to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a [§ 2255] motion to vacate, he bypasses the statute of limitations and gains limitless time to press claims that prisoners who ***meet*** the requirements of section 2255 do not receive.

The motion to vacate was intended to be a ***substitute*** remedy for the writ of habeas corpus, *see Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Hayman*, 342 U.S. at 219, 72 S.Ct. 263, but permitting federal prisoners to file [§ 2241]habeas petitions based on an intervening change in statutory interpretation [rather than a newly recognized right or new rule of constitutional law established by the Supreme Court and made retroactive on collateral review] provides those prisoners with a superior

remedy. Allowing a prisoner to use the saving clause to bring a statutory claim in a habeas petition circumvents the bar on successive [motions to vacate]. 28 U.S.C. § 2255(h). It does away with the one-year statute of limitations. *Id*. § 2255(f). It renders the process for obtaining permission to file a second or successive motion, *id*. § [2255(h) and § 2244(b)(3)(A)–(E)], and that for obtaining a certificate of appealability, *id*. § 2253(c)(1), a nullity. A prisoner who brings a constitutional claim under section 2255(h), in contrast, must overcome these procedural hurdles. The *Wofford* test unravels this carefully tailored scheme. It makes no sense to allow a federal prisoner to evade the statutory framework by filing a petition for a writ of habeas corpus.

Several of the separate opinions raise a version of the argument that a previously adequate remedy may later become inadequate but these temporal arguments fail in the light of the whole text. . . . [T]his argument ignores that litigants often make novel arguments in the hope that a court will adopt them as a matter of first impression or in rejection of past precedent. . . . But whether the remedy "is" inadequate or ineffective must refer to the nature of the remedy, not to one specific motion, or else the motion becomes inadequate every time a procedural rule like the statute of limitations or procedural default prevents success. The procedural bars mean nothing if they can be avoided through the saving clause. The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself inadequate or ineffective. The same must be true for the bar on second or successive motions. . . . [T]he means also do not somehow become inadequate or ineffective when circuit precedent is abrogated after a prisoner has filed his first motion to vacate. When Congress limits a prisoner to a single motion to vacate, it does not render the "remedy by motion inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e); it instead limits each prisoner to one test [unless he meets the exceptions of 28 U.S.C. § 2255(h) and receives permission from the appropriate circuit court to file a successive motion].

Allowing a federal prisoner to bring a successive claim in a petition for a writ of habeas corpus also defies the logic of the venue provisions. A federal prisoner must file a motion to vacate in the court that tried and sentenced him, where he can challenge issues about his trial and sentencing. *See id*. § 2255(a). In contrast, he must bring a petition for a writ of habeas corpus in the district in which he is imprisoned, where he can challenge his detention. *See id*. § 2241(d). The United States Attorney who participated in sentencing defends challenges to the prisoner's trial and sentencing. *Id*. § 2255(a). But the warden of the prison defends challenges to the prisoner's detention. *Id*. § 2241(d).

Allowing a prisoner to bring an ordinary attack on his sentence in the district where he is detained eviscerates this structure. It resurrects the problems that section 2255 was enacted to solve, such as heavy burdens on courts located in districts with federal prisons, inconvenience for witnesses who must travel far from where the prisoner was tried to the place where he is detained, the requirement that wardens defend resentencing. *See* [*United States v. Hayman*, 342 U.S. 205, 219 (1952)]. It also creates new procedural and jurisdictional wrinkles for district courts tasked with implementing relief that the statute does not contemplate. *See Hill v. Sepanek*, Civil No. 14-85-ART, 2017 WL 73338, at \*5–9 (E.D. Ky. Jan. 6, 2017) (Thapar, J.) ("[P]ractical problems . . . arise under any construction of the saving[] clause that does not comport with its plain meaning."); *Love v. Hogsten*, Civil Action No. 1:09-cv-2134-JEC, 2012 WL 3822194, at \*4 (N.D. Ga. Sept. 4, 2012) (J. Carnes, J.) ("Insisting that what is essentially a § 2255 claim . . . be instead deemed a § 2241 claim [shifts] the venue . . . from the district of sentencing to the district in which the petitioner is confined[,] . . . meaning that there is the potential for multiple § 2241 saving[ ] clause claims in multiple districts, creating confusion, duplicative effort, and potentially inconsistent results."). Allowing access to the saving clause to bring ordinary sentencing challenges disregards Congress's decision to bifurcate the system of collateral review between challenges to a prisoner's [conviction and]sentence and challenges to the execution of a prisoner's sentence. Limiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of federal collateral review.

*McCarthan*, 851 F.3d at 1091–92 (emphasis in original).

As the Eleventh Circuit further noted, permitting "the bar on successive motions (or other procedural bars to relief) to trigger the saving clause makes the statute self-defeating." *McCarthan*, 851 at 1091. It is therefore clear that the mere fact a petitioner faces procedural bars – i.e., successive motion, expiration of the one-year limitation period or procedural default – to obtaining relief in a § 2255 motion does not render § 2255 inadequate or ineffective.

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at

1099.  As such, ordinary challenges to a conviction or sentence may not be brought under § 2241. *Id*. at 1091–94. Consequently, "any 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017), quoting *McCarthan*, 851 F.3d at 1086–90.

The *McCarthan* court set forth the limited circumstances in which a federal prisoner may invoke the saving clause of 28 U.S.C. § 2255(e) to file a 28 U.S.C. § 2241 petition for writ of habeas corpus.  Specifically, it held a federal inmate "may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.  The saving clause also allows a prisoner to bring a petition for writ of habeas corpus when the sentencing court is unavailable [such as when the sentencing court no longer exists]. . . . Or . . . perhaps practical considerations (such as multiple sentencing courts) might prevent a prisoner from filing a motion to vacate. But only in those kinds of limited circumstances is [the remedy by motion] inadequate or ineffective to test the legality of his detention." *McCarthan*, 851 F.3d at 1092–93 (internal citations and quotation marks omitted).  None of these circumstances are present in this case.

The court therefore concludes that Sanders may not proceed on the instant § 2241 habeas petition under the saving clause because, as explained in *McCarthan*, his claims challenging the validity of his firearm conviction are ones cognizable under § 2255.

"Because § 2255(h) . . . permit[s] a second bite at the habeas apple for any *Davis*-based claim, § 2255 is not inadequate or ineffective to test the legality of [an inmate's] detention, and he may not pursue his claim in a § 2241 petition.  Rather, [the petitioner's] proper remedy lies in filing a 28 U.S.C. § 2255(h) application with the Sixth Circuit."  *Middleton v. Ebbert*, 2019 WL 3532163, at *2 (M.D. Pa. Aug. 2, 2019) (internal quotation marks omitted).  Consequently, "the remedy by [§ 2255] motion was an 'adequate and effective means for testing such an argument.'  [Sanders] cannot now use the saving clause to [proceed before this court] in a petition for a writ of habeas corpus." *McCarthan*, 851 F.3d at 1099–1100.[5]

For the foregoing reasons, Sanders is entitled to no relief on the claims raised in his 28 U.S.C. § 2241 petition and this case is subject to dismissal for lack of jurisdiction. *Donaldson*, 691 F. App'x at 603 (holding that where Petitioner did not meet "circuit's requirements for the § 2255(e) saving clause necessary to bring a § 2241 petition . . . the district court did not have jurisdiction to consider [his] § 2241 petition); *Smith v. Warden, FCC Coleman-Medium*, 701 F. App'x 929, 931 (11th Cir. 2017) (holding that because "Petitioner cannot avail himself of § 2255(e)'s saving clause . . . the district court lacked jurisdiction over Petitioner's § 2241 petition."); *McDowell*, 694 F. App'x at 695 (affirming district court's dismissal of Petitioner's § 2241 habeas petition for lack of jurisdiction where Petitioner could not use the saving clause to raise his claims in such a petition); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003)

---

[5]Any reliance by Sanders on the law of courts outside the Eleventh Circuit regarding use of a § 2241 petition to challenge the validity of his firearm conviction is misplaced as *McCarthan* establishes the binding precedent for this court.

(noting that since the petitioner could not satisfy the saving clause of § 2255(e) the district court should have dismissed the petition for lack of jurisdiction rather than denying the petition).

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The 28 U.S.C. § 2241 petition for habeas corpus relief filed by Kenneth Dale Sanders be DISMISSED for lack of jurisdiction.

2.  This case be DISMISSED with prejudice.

On or before **February 5, 2021** the parties may file objections to this Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest

injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of January, 2021.


                            /s/ Charles S. Coody
                    UNITED STATES MAGISTRATE JUDGE